IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

Case No. 1:24-cv-00749-TDS-JLW

| | |
|---|---|
| LASLO GROSS and SUSAN GROSS, | ) |
| Plaintiffs, | ) |
| v. | ) |
| SMARTSKY NETWORKS, LLC, | ) |
| Defendant. | ) |

**DEFENDANT SMARTSKY NETWORKS LLC'S MOTION TO SEAL PORTION OF SUPPLEMENTAL CORPORATE DISCLOSURE**

Pursuant to Local Civil Rule 5.4(c) of the United States District Court for the Middle District of North Carolina, Defendant SmartSky Networks LLC ("SmartSky"), hereby moves this honorable Court for an Order sealing a portion of SmartSky's Supplemental Corporate Disclosure (Dkt. 21 (redacted) and Dkt. 24 (sealed)). In furtherance of this submission to the Court, SmartSky alleges and states the following:

I. **Nature of the Case.**

Plaintiffs Laslo Gross and Susan Gross, *pro se*, commenced this action on September 6, 2024, against SmartSky alleging claims for abuse of process, defamation and tortious interference with contract. (Dkt. 1). Plaintiffs alleged that the Court had subject matter jurisdiction on the basis of diversity of citizenship. On October 15, 2024, SmartSky filed a Motion to Dismiss for lack of subject matter jurisdiction, revealing the presence of North Carolina residents in the upstream ownership of SmartSky. (Dkt. 9).

Following a hearing on April 17, 2025, the Court ordered SmartSky to supplement its prior corporate disclosure to provide further information on the owners of limited liability companies in the upstream ownership of SmartSky. SmartSky respectfully requests leave to file portions of that supplemental disclosure under seal as it reveals the names of numerous entities and individuals who neither have, nor had, any involvement in the management of SmartSky, and whose names are being submitted for the purposes of: (a) addressing the issues of subject matter jurisdiction raised by SmartSky's Motion to Dismiss; and (b) Rule 7.1 of the Federal Rules of Civil Procedure and potential conflicts of interest with the Court.

## II. Supporting Material.

This Court and the Fourth Circuit have recognized the public right of access (under both the common law and First Amendment) to judicial records. *See, e.g., ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 428 (M.D.N.C. 2011) (discussing authorities). The presumption of access to judicial records, however, "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

SmartSky's Supplemental Corporate Disclosure reflects a complex ownership structure in its upstream entities, namely SmartSky New HoldCo, LLC and SmartSky Investco, LLC. Each of those entities has both common and preferred ownership interests held by various entities and individuals. Many of the entities are private equity investment entities and funds, all of which are passive investors who neither have, nor had, involvement in the day-to-day management of SmartSky. Additionally, while SmartSky

2

had access to the ownership information to provide to the Court, SmartSky did not have direct access to each of the entities and individuals to obtain consent to the filing of their identities as a matter of public record in this action.

SmartSky's Supplemental Corporate Disclosure has identified North Carolina residents that own membership interests in SmartSky Investco, LLC that defeat Plaintiffs' claim that there is diversity jurisdiction in this action. Further identification of the names of individual investors on the public record of this proceeding is unnecessary for the purposes of providing this information to the Court pursuant to Rule 7.1 of the Federal Rules of Civil Procedure. Accordingly, SmartSky respectfully requests that the names of the entities and individuals identified in SmartSky's Supplemental Corporate Disclosure be sealed in the Court's record of this case.

      B.    <u>Why Sealing is Necessary and Why Less Drastic Alternatives Will Not Afford Protection</u>.

The names and identities of entities and individuals in SmartSky's upstream corporate ownership structure do not need to be revealed on the public record of this proceeding for purposes of the claims in this litigation or the motions currently pending before the Court. There is no adequate alternative to sealing portions of SmartSky's Supplemental Corporate Disclosure, as public filing will reveal the identities of these investors in SmartSky's upstream entities.

3

Case 1:24-cv-00749-TDS-JLW    Document 22    Filed 04/25/25    Page 3 of 5

C. *SmartSky Seeks to Permanently Seal the Portions of its Supplemental Corporate Disclosures.*

SmartSky respectfully moves the Court to permanently seal the portions of its Supplemental Corporate Disclosures in order to protect the identities and confidentiality of SmartSky's upstream owners and investors.

Respectfully submitted this 25th day of April, 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Christopher J. Blake*
Christopher J. Blake
N.C. State Bar No. 16433
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
chris.blake@nelsonmullins.com

*Counsel for SmartSky Networks, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, I electronically filed the foregoing **Defendant SmartSky Networks LLC's Motion to Seal Portion of Supplemental Corporate Disclosure** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users of the CM/ECF system.

I further certify that on this day I have served the following parties via email and first class mail at the addresses listed below:

Laslo Gross
102 Ripplewater Lane
Cary, NC 27518
Laslo.Gross@gmail.com

Susan Gross
102 Ripplewater Lane
Cary, NC 27518
susan.gross@gmail.com

This 25th day of April, 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Christopher J. Blake*
Christopher J. Blake
N.C. State Bar No. 16433