IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

Case No. 1:24-cv-00749-TDS-JLW

| | |
|---|---|
| LASLO GROSS and SUSAN GROSS, | ) |
| Plaintiffs, | ) |
| v. | ) |
| SMARTSKY NETWORKS, LLC, | ) |
| Defendant. | ) |

**DEFENDANT SMARTSKY NETWORKS LLC'S MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL CORPORATE DISCLOSURE AND MOTION TO LIMIT FURTHER DISCLOSURE**

Defendant SmartSky Networks LLC ("SmartSky"), pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure and the Court's Text Order dated April 17, 2025, submits this Memorandum of Law in Support of Supplemental Corporate Disclosure and Motion to Limit Further Disclosure. (Dkt. 21 (redacted) and Dkt. 24 (sealed)).

ARGUMENT

As required by the Court and Rule 7.1 of the Federal Rules of Civil Procedure, SmartSky has submitted a Supplemental Corporate Disclosure identifying the owners of membership interests in upstream entities SmartSky New HoldCo, LLC and SmartSky Investco, LLC. Because those disclosure reveal that some of the owners of the membership interests in SmartSky Investco, LLC include individuals who are residents of the State of North Carolina, SmartSky has produced evidence from which the Court can confirm that

subject matter jurisdiction based upon diversity of citizenship is not present, and Plaintiff's claims are subject to dismissal. *Capps v. Newmark Southern Region, LLC*, 53 F.4th 299 (4th Cir. 2022).

Rule 7.1 of the Federal Rules of Civil Procedure was amended in 2022. The Advisory Committee Notes concerning the 2022 amendment state: "The Rule recognizes that the court may limit the disclosure in appropriate circumstances. ***Disclosure might be cut short when a party reveals a citizenship that defeats diversity jurisdiction***. Or the names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and where there is no apparent need to support discovery by other parties to go behind the disclosure." (emphasis added); *see Nieman v. Carlsen*, 2023 WL 22038, Case No. 4:22-cv-01110-AGF (E.D. Mo. January 3, 2023).

As the Court can determine from the information submitted by SmartSky that diversity of citizenship is not present in this case, SmartSky submits that this case presents an appropriate circumstance to limit any further corporate disclosure by SmartSky. SmartSky's Supplemental Disclosure reveals a complex ownership structure involving a number of private equity investment entities and funds, which is not unusual for corporate entities with significant private equity investment. The entities and individuals that have ownership interests in these entities upstream from SmartSky are passive private equity investors who have no involvement in the day-to-day management of SmartSky. Moreover, SmartSky does not have direct access to the ownership interests beyond what is set forth in its Supplemental Corporate Disclosure. To obtain such information, SmartSky would have to reach out to each of the private equity investment firms and/or current

management of the entities identified in the Supplemental Corporate Disclosure, each of which may have separate obligations to maintain the confidentiality of their private equity investors.

Finally, to the extent the Court orders further disclosure by SmartSky, SmartSky requests that any such further disclosures be submitted for *in camera* review by the Court as Plaintiffs have no need or entitlement for such information in connection with the claims alleged in this case against SmartSky. Plaintiffs' *pro se* claims in this action for abuse of process, defamation and tortious interference with contract are all based upon alleged actions undertaken by SmartSky. For purposes of the adequacy of SmartSky's Supplemental Corporate Disclosures, what is significant is that none of Plaintiffs' claims allege any conduct or involvement of any of the distant upstream owners of the owners of the membership interests in SmartSky New Holdco, LLC and SmartSky Investco, LLC, all of whom are passive investors with no involvement in the management of SmartSky. As the Court is well aware, SmartSky remains a judgment creditor of Plaintiffs in the amount of approximately $2.5 million based on the arbitration Award which has now been confirmed by a North Carolina state court, all of which remains unpaid. Given their propensity for filing baseless actions as *pro se* parties, any further disclosures ordered by the Court should be limited to *in camera* review by the Court and not subject to disclosure to Plaintiffs.

## CONCLUSION

For the reasons set forth above, SmartSky respectfully requests that the Court accept its Supplemental Corporate Disclosure (Dkt. 21 (redacted) and Dkt. 24 (sealed)), and order that no further disclosure is required from SmartSky.

Respectfully submitted this 25th day of April, 2025.

        **NELSON MULLINS RILEY & SCARBOROUGH LLP**

        */s/ Christopher J. Blake*
        Christopher J. Blake
        N.C. State Bar No. 16433
        301 Hillsborough Street, Suite 1400
        Raleigh, North Carolina 27603
        Telephone: (919) 329-3800
        Facsimile: (919) 329-3799
        chris.blake@nelsonmullins.com

        *Counsel for SmartSky Networks, LLC*

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify, subject to Fed. R. Civ. P. 11, that the foregoing document contains 674 words, according to the word count feature of the word processing system used to prepare the brief. Accordingly, the brief does not exceed the word limitation.

This 25th day of April, 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Christopher J. Blake*
Christopher J. Blake
N.C. State Bar No. 16433
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
chris.blake@nelsonmullins.com

*Counsel for SmartSky Networks, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered users of the CM/ECF system.

I further certify that on this day I have served the following parties via email and first class mail at the addresses listed below:

Laslo Gross
102 Ripplewater Lane
Cary, NC 27518
Laslo.Gross@gmail.com

Susan Gross
102 Ripplewater Lane
Cary, NC 27518
susan.gross@gmail.com

This 25th day of April, 2025.

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Christopher J. Blake*
Christopher J. Blake
N.C. State Bar No. 16433